IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

COCA-COLA SOUTHWEST                )
BEVERAGES LLC                      )
                                   )
      Plaintiff,                 )
                                   )
vs.                                )    Case No._____
                                   )
MARTEN TRANSPORT, LTD.,            )
                                   )
      Defendant.                 )
_____)

## DEFENDANT, MARTEN TRANSPORT, LTD., ANSWER TO PLAINTIFF, COCA-COLA SOUTHWEST BEVERAGES LLC COMPLAINT

Defendant, MARTEN TRANSPORT, LTD., by their attorneys, STITES & HARBISON, PLLC., hereby answers Plaintiff, Coca-Cola Southwest Beverages LLC complaint and states as follows:

### Parties, Jurisdiction, and Venue

1.

CCSWB is a limited liability company organized under the laws of the State of Delaware with its principal place of business in Dallas, Texas.

**ANSWER:**

This Defendant admits the allegations contained in Paragraph No. 1.

2.

-1-

Marten is a foreign corporation authorized to do business and does business within the state of Georgia. Marten is organized under the laws of the State of Delaware.

**ANSWER:**

This Defendant admits the allegations contained in Paragraph No. 2.

3.

Marten may be served with Summons and a copy of this complaint through its registered agent in Georgia, CT Corporation System, 289 S. Culver Street, Lawrenceville, Gwinnett County, Georgia 30046.

**ANSWER:**

This Defendant admits the allegations contained in Paragraph No. 3.

4.

Marten is subject to the jurisdiction and venue in the State of Georgia. Among other things, Marten consented to jurisdiction in this state in the Agreement referred to in paragraph 6, below.

**ANSWER:**

This Defendant admits it is subject to jurisdiction in the State of Georgia and denies the remaining allegations in Paragraph No. 4.

5.

Jurisdiction and Venue are proper in this Court under O.C.G.A. §§ 14-2-510, 9-4-2, 15-5A-2(e)(1), and 15-5A-3(a)(1)(A)(xv), (a)(1)(B)(ii), and (a)(2). In addition, Marten consented to proceeding in the State-wide Business Court by invoking the Court's jurisdiction over this controversy in the now-dismissed action, No. 21-GSBC-0036.

**ANSWER:**

This Defendant admits it filed the action No. 21-GSBC-0036 on September 14, 2021, and voluntarily dismissed that action on October 15, 2021, and denies the remaining allegations in Paragraph No. 5.

## FACTUAL ALLEGATIONS

6.

On or about January 17, 2019, Marten and Coca-Cola Bottlers Sales & Services LLC entered into a Transportation Services Agreement for General Carrier (the "Agreement") under which Marten would transport, among other things, CCSWB's products.

**ANSWER:**

This Defendant Admits the subject Agreement, which speaks for itself, and denies any remaining allegations in Paragraph No. 6.

7.

CCSWB is an intended third-party beneficiary under the Agreement and is specifically listed in the Agreement as shipper.

**ANSWER:**

This Defendant lacks sufficient information to admit or deny this allegation as written in Paragraph No. 7, but demands specific proof thereof.

8.

Under the terms of the Agreement, in the event of a claim, demand, lawsuit, or proceeding asserted against CCSWB by Marten's employees, agents, contractors, or other third parties, Marten Owes CCSWB certain defense and indemnity obligations.

**ANSWER:**

This Defendant admits the subject Agreement, which speaks for itself, and denies any remaining allegations in Paragraph No. 8.

9.

Specifically, in the event of a lawsuit against CCSWB, the Agreement requires Marten "indemnify, defend and hold [CCSWB]...harmless from and against all claims, demands, suits and proceedings whatsoever initiated by [Marten's] employees, agents or contractors, or other third parties."

**ANSWER:**

This Defendant Admits the subject Agreement, which speaks for itself, and denies any remaining allegations in Paragraph No. 9.

10.

The Agreement further provides,

> To the fullest extent permitted by law, (Marten) further agrees that it shall indemnify, defend and hold harmless [CCSWB] . .. from and against all losses, damages, fines, costs, actions, claims and expenses (including reasonable attorneys' fees) to the extent caused by: (i) any breach of any obligation of [Marten] under this Agreement, whether by [Marten] itself or as a result of the acts or omissions of [Marten's] employees; . . . (iv) any negligent or willful act or omission of (Marten) or its employees, agents or contractors; ... (vi) [Marten's] failure to comply with applicable laws, industry practice or [CCSWB 's] standards; (vii) the breach of any representation or warranty set forth herein ...
> provided, however, that [Marten's] indemnification and hold harmless obligations under this paragraph will not apply to the prorated extent that any claim is attributable to the negligence or wrongful conduct of [CCSWB].

**ANSWER:**

This Defendant Admits the subject Agreement, which speaks for itself, and denies any remaining allegations in Paragraph No. 10.

11.

The Agreement also requires that Marten carry commercial general liability insurance with limits of at least $1,000,000 per-occurrence that is primary and non-contributory and names CCSWB as an additional insured by specific policy endorsement.

**ANSWER:**

This Defendant Admits the subject Agreement, which speaks for itself, and denies any remaining allegations in Paragraph No. 11.

12.

The Agreement requires that Marten's employees comply with the safety practices and procedures established by CCSWB for its premises.

**ANSWER:**

This Defendant Admits the subject Agreement, which speaks for itself, and denies any remaining allegations in Paragraph No. 12.

13.

The Agreement's Safety article states, in pertinent part,

[Marten] shall comply with all applicable safety practices and procedures in its performance of the Agreement. When on [CCSWB's] premises, [Marten] shall comply with not only its own safety practices and procedures but also the safety practices and procedures established by [CCSWB] for those premises.

**ANSWER:**

This Defendant Admits the subject Agreement, which speaks for itself, and denies any remaining allegations in Paragraph No. 6.

14.

Failure to comply with the safety provisions contained in the Agreement constitutes a material breach of the Agreement.

**ANSWER:**

This Defendant denies the allegations contained in Paragraph No. 14.

15.

On or around William A. Gero filed suit against CCSWB and John Doe in the 11th Judicial District of Harris County, Houston, Texas, Case No. 20208324 (the "Lawsuit") alleging Gero was injured at work on October 8, 2019, when he was struck from behind by a forklift operator employed by CCSWB.

**ANSWER:**

This Defendant admits that William A. Gero filed a Complaint, which document speaks for itself, and denies the remaining allegations in Paragraph No. 15.

16.

At all relevant times, Gero was an employee or agent of Marten.

**ANSWER:**

This Defendant admits that Gero was an employee on the date of the subject occurrence and denies the remaining allegations in Paragraph No. 16.

17.

Gero was allegedly injured while transporting CCSWB's products, pursuant to the Agreement.

**ANSWER:**

This Defendant admits that Gero claims he sustained injury as the result of the subject occurrence and denies the remaining allegations in Paragraph No. 17.

18.

CCSWB timely answered Gero's complaint and denied all liability.

**ANSWER:**

This Defendant lacks sufficient information to admit or deny this allegation as written in Paragraph No. 18, but demands specific proof thereof.

19.

In its Answer, CCSWB asserted certain affirmative defenses, including Gero's contributory negligence.

**ANSWER:**

This Defendant lacks sufficient information to admit or deny this allegation No. 19, but demands specific proof thereof.

20.

Gero's own negligent acts or omissions were the sole cause of his alleged injuries. Gero failed to comply with CCSWB's safety practices and procedures and negligently stepped in front of a moving forklift.

**ANSWER:**

This Defendant lacks sufficient information to admit or deny this allegation as written in Paragraph No. 20, but demands specific proof thereof.

21.

CCSWB did not engage in any wrongful or negligent acts or omissions relating to the subject matter of Gero's Lawsuit.

**ANSWER:**

This Defendant lacks sufficient information to admit or deny this Paragraph No. 21, but demands specific proof thereof.

22.

Gero's alleged injuries, as alleged in his Lawsuit, were caused by an act or omission, a negligent or willful act or omission, or failure to comply with CCSWB's safety practices and procedures by Gero, Marten's employee.

**ANSWER:**

This Defendant denies the allegations contained in Paragraph No. 22.

23.

By letter dated September 9, 2020, CCSWB tendered its defense in the Lawsuit to Marten and sought indemnification from Marten and its insurer under the insurance and indemnity provisions of the Agreement.

**ANSWER:**

This Defendant admits it received correspondence, which speaks for itself, from CCSWB dated September 9, 2020, and denies the remaining allegations in Paragraph No. 23.

24.

CCSWB's September 9, 2020, letter advised Marten that CCSWB did not engage in any wrongful or negligent acts or omissions relating to the subject matter of Gero's Lawsuit.

**ANSWER:**

This Defendant admits it received correspondence, which speaks for itself, from CCSWB dated September 9, 2020, and denies the remaining allegations in Paragraph No. 24.

25.

By latter dated April 28, 2021, Marten rejected CCSWB's tender, rejected CCSWB's demand for indemnity, and advised that CCSWB is no an additional insured under Marten's commercial general liability policy.

**ANSWER:**

This Defendant admits it sent correspondence dated April 8, 2021 and April 28, 2021 respectively, which speaks for themselves, to CCSWB dated April 28, 2021, and denies the remaining allegations in Paragraph No. 25.

26.

Following Marten's April 28, 2021, letter, CCSWB again communicated with Marten and demanded Marten uphold its insurance, defense, and indemnity obligations under the Agreement. To date, Marten has refused to do so.

**ANSWER:**

This Defendant lacks sufficient information to admit or deny this allegation as written in Paragraph No. 26, but demands specific proof thereof.

27.

Due to Marten's refusal to accept CCSWB's tender and Marten's refuse to indemnify and hold CCSWB harmless in the Lawsuit, CCSWB has been damaged by an amount to be determined at trial, but not less than the amount of attorney's fees CCSWB has been forced to incur in defending the Lawsuit and any judgment against CCSWB.

**ANSWER:**

This Defendant denies the allegations contained in Paragraph No. 29.

## COUNT ONE – BREACH OF CONTRACT

28.

CCSWB realleges and incorporates Paragraphs 1-27 above as fully stated herein.

-11-

**ANSWER:**

This defendant incorporates answers from Paragraphs 1-27 as fully restated herein.

29.

This Defendant lacks sufficient information to admit or deny this allegation as written in Paragraph No. 29, but demands specific proof thereof.

**ANSWER:**

This Defendant admits the allegations contained in Paragraph No. 29 of the Plaintiff's Complaint, but denies that any act or omission of this Defendant caused or contributed to the subject occurrence.

30.

CCSWB is an intended third-party beneficiary to the Agreement.

**ANSWER:**

This Defendant lacks sufficient information to admit or deny this allegation as written in Paragraph No. 30, but demands specific proof thereof.

31.

CCSWB preformed all required obligations and satisfied all conditions precedent, to the extent any exist, under the agreement.

**ANSWER:**

This Defendant lacks sufficient information to admit or deny this allegation as written in Paragraph No. 31, but demands specific proof thereof.

32.

The Agreement requires that Marten defend, hold harmless, and indemnify CCSWB in the event of a lawsuit filed against CCSWB by an employee of Marten or by a third party.

**ANSWER:**

This Defendant Admits the subject Agreement, which speaks for itself, and denies any remaining allegations in Paragraph No. 32.

33.

The Lawsuit is a claim or suit initiated against CCSWB by an employee of Marten.

**ANSWER:**

This Defendant admits that Gero was an employee on the date of the occurrence from which he claims injury and denies the remaining allegations in Paragraph No. 33.

34.

Gero's own negligence caused Gero's injuries alleged in the Lawsuit. Specifically, Gero's alleged injuries were caused by an act or omission, a negligent or willful act or omission, or a failure to comply with CCSWB's safety practices and procedures by Gero himself, Marten's employee.

**ANSWER:**

This Defendant denies the allegations contained in Paragraph No. 34.

35.

Marten is required under the agreement to assume CCSWB's defense in the Lawsuit.

**ANSWER:**

This Defendant denies the allegations contained in Paragraph No. 35.

36.

Marten is required under the Agreement to hold CCSWB harmless against all losses, damages, fines, costs, actions, claims, and expenses (including reasonable attorneys' fees) arising out of the Lawsuit.

**ANSWER:**

This Defendant denies the allegations contained in Paragraph No. 36.

37.

Marten is required to indemnify CCSWB against all losses, damages, fines, costs, actions, claims and expenses (including reasonable attorneys' fees) arising out of the Lawsuit.

**ANSWER:**

This Defendant denies the allegations contained in Paragraph No. 37.

38.

Marten breached the Agreement by rejecting CCSWB's tender of its defense, refusing to hold CCSWB harmless against all losses, damages, fines, costs, actions, claims, and expenses (including attorneys' fees), and refusing to indemnify CCSWB

from all losses, damages, fines, costs, actions, claims and expenses (included reasonable attorneys' fees) arising out of the Lawsuit.

**ANSWER:**

This Defendant denies the allegations contained in Paragraph No. 38 of the Plaintiff's Complaint as stated and demands specific proof thereof.

39.

The Agreement also required that Marten carry commercial general liability insurance with limits of at least $1,000,000 per-occurrence that is primary and non-contributory and names CCSWB as an additional insured by specific policy endorsement.

**ANSWER:**

This Defendant Admits the subject Agreement, which speaks for itself, and denies any remaining allegations in Paragraph No. 39.

40.

Marten failed to procure primary commercial general liability insurance with limits of at least $1,000,000 per-occurrence that names CCSWB as an additional insured.

**ANSWER:**

The Defendant admits that it procured General Liability insurance, which speaks for itself, and denies any remaining allegations in Paragraph No. 40.

41.

Marten and its employees are required to comply with all applicable safety practices and procedures in performance of the Agreement, including complying with CCSWB's safety practices and procedures while on CCSWB 's premises.

**ANSWER:**

This Defendant denies the allegations contained in Paragraph No. 41.

42.

CCSWB 's safety practices and procedures require that drivers remain in their vehicles while their trucks are being unloaded.

**ANSWER:**

This Defendant lacks sufficient information to admit or deny this allegation as written in Paragraph No. 42, but demands specific proof thereof.

43.

Marten's employee, Mr. Gero, failed to comply with CCSWB 's safety practices and procedures while on CCSWB's premises at the time of the events giving rise to the Lawsuit by not remaining in his vehicle while his truck was being unloaded.

**ANSWER:**

This Defendant denies the allegations contained in Paragraph No. 43.

44.

Marten's employee's failure to comply with CCSWB's safety practices and procedures while on CCSWB's premises is a material breach of the Agreement.

**ANSWER:**

This Defendant denies the allegations contained in Paragraph No. 44.

45.

As a result of Marten's breaches of the Agreement, CCSWB has been damaged in an amount to be proven at the trial of this matter, but not less than the amount of attorney's fees CCSWB has been forced to incur in defending the Lawsuit and the amount of any judgment against CCSWB.

**ANSWER:**

This Defendant denies the allegations contained in Paragraph No. 45.

## COUNT TWO – DECLARATORY JUDGMENT

46.

CCSWB realleges and incorporates Paragraphs 1-45 above as if fully stated herein.

**ANSWER:**

This defendant incorporates answers from Paragraphs 1-45 as fully restated herein.

47.

An active and justiciable controversy exists between CCSWB, on one hand, and Marten, on the other hand, regarding Marten's insurance, defense, indemnity, and hold harmless obligations under the Agreement.

**ANSWER:**

This Defendant lacks sufficient information to admit or deny this allegation as written in Paragraph No. 47, but demands specific proof thereof.

48.

CCSWB seeks to settle and obtain relief from uncertainty and insecurity concerning whether Marten owes CCSWB a defense and indemnity under the Agreement and whether Marten is required to procure insurance, as prescribed by the Agreement, that provides additional insured coverage for CCSWB against Gem's claims in the Lawsuit.

**ANSWER:**

This Defendant denies the allegations contained in Paragraph No. 48.

Wherefore, Marten Transport, LTD., respectfully requests that the Court deny the relief requested by Plaintiff, and specifically deny that:

(1) Marten is required to assume CCSWB's defense in the Lawsuit;

(2)  Marten is required to hold CCSWB harmless against all losses, damages, fines, costs, actions, claims, and expenses (including attorneys' fees) arising out of the Lawsuit;

(3) Marten is required to indemnify CCSWB against all losses, damages, fines, costs, actions,  claims, and expenses (including attorneys' fees) arising out of the Lawsuit; and

(4) Marten is required to procure commercial general liability insurance with limits of

at least $1,000,000 per-occurrence that is primary and non-contributory, names CCSWB as an additional insured by specific policy endorsement and provides coverage to CCSWB for Gero's claims asserted in the Lawsuit.

And for such other relief as this Court deems just and appropriate.

## COUNT THREE – ATTORNEY'S FEES AND EXPENSES OF LITIGATION
## (PURSUANT TO O.C.G.A. § 13-6-11)

50.

CCSWB realleges and incorporates Paragraphs 1-49 above as if fully stated herein.

## ANSWER:

This defendant reincorporates answers from Paragraphs 1-49 as fully restated herein.

51.

Marten has been repeatedly notified of its failure to comply with the terms of the Agreement and has refused to procure insurance in accordance with the Agreement's requirements, defend, hold harmless, or indemnify CCSWB against Gero's claims asserted in the Lawsuit.

**ANSWER:**

This Defendant denies the allegations contained in Paragraph No. 51.

52.

Due to Marten's conduct, CCSWB has been forced to resort to legal action to enforce its rights under the Agreement.

**ANSWER:**

This Defendant denies the allegations contained in Paragraph No. 52.

53.

Moreover, Marten has acted in bad faith, has been stubbornly litigious, and has caused CCSWB unnecessary trouble and expense in its refusal to satisfy its contractual obligations under the Agreement.

**ANSWER:**

This Defendant denies the allegations contained in Paragraph No. 53.

54.

CCSWB is, therefore, entitled to recover its attorneys' fees incurred in prosecuting this action under O.C.G.A. § 13-6-11.

**ANSWER:**

This defendant denies the allegations contained in Paragraph No. 54.

## AFFIRMATIVE DEFENSE

This Defendant incorporates hereby by reference all affirmative defenses contained in O.C.G.A. § 9-11-8(c) as if set out fully herein and on the basis of such affirmative defenses the Plaintiff's Complaint should be dismissed.

WHEREFORE, the Defendant, MARTEN TRANSPORT, LTD., denies the Plaintiff is entitled to judgment for any amount whatsoever and moves for the entry of judgment in Defendant's favor for such relief as this Honorable Court deems just an appropriate.

Respectfully submitted this 3rd day of December 2021,

Respectfully submitted,

STITES & HARBISON, PLLC

*/s/ Jeffrey W. Melcher*

Jeffrey W. Melcher
Georgia Bar No. 501180

Jeffrey W. Melcher
Stites & Harbison, PLLC
303 Peachtree Street, Suite 2800
Atlanta, Georgia  30308
(404) 739-8800
(404) 739-8870 (fax)
jmelcher@stites.com

## **CERTIFICATE OF COMPLIANCE**

I, Jeffrey W. Melcher, certify that the foregoing has been prepared in Times New Roman 14 font and is in compliance with United States District Court, Northern District of Georgia Local Rules 5.1(C) and 7.1(D).

This 3rd day of December, 2021.

/s/ Jeffrey W. Melcher
Jeffrey W. Melcher
Georgia Bar No. 501180
Attorney for Marten Transport, LTD

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 3, 2021, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to all attorneys of record.

*/s/ Jeffrey W. Melcher*_____
Jeffrey W. Melcher
Georgia Bar No. 501180
Attorney for Marten Transport, LTD