IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

COCA-COLA SOUTHWEST
BEVERAGES LLC,

    Plaintiff,

       v.

MARTEN TRANSPORT, LTD.,

    Defendant.

CIVIL ACTION FILE

NO. 1:21-CV-4961-TWT

## OPINION AND ORDER

This is an action for breach of contract. It is before the Court on the
Defendant's Motion to Dismiss or, in the Alternative, to Join ACE American
Insurance Company as an Indispensable Party [Doc. 20]. For the reasons set
forth below, the Court DENIES the Defendant's Motion to Dismiss or, in the
Alternative, to Join ACE American Insurance Company as an Indispensable
Party [Doc. 20].

## I.   Background

This case arises from a workplace accident and a subsequent demand
for defense and indemnity by the Plaintiff Coca-Cola Southwest Beverages
LLC. In January 2019, the Defendant Marten Transport, Ltd. and Coca-Cola
Bottlers Sales & Services LLC executed a Transportation Services Agreement
for General Carriers (the "Agreement") in which Marten agreed to transport

products for, among others, Coca-Cola Southwest. (Am. Compl. ¶ 6.) [1] Coca-Cola Southwest is a third-party beneficiary and a "shipper" under the Agreement. (*Id.* ¶ 8.) Article 19 of the Agreement requires Marten to indemnify, defend, and hold harmless Coca-Cola Southwest under several enumerated circumstances—for example, against a claim or lawsuit initiated by Marten's employees, for a breach of the Agreement caused by Marten or its employees, and for Marten's failure to comply with industry practices or Coca-Cola Southwest standards. (Def.'s Br. in Supp. of Def.'s Mot. to Dismiss, at 38 ¶¶ 19.1-19.2.) [2] This obligation is prorated, however, to the extent that a claim is attributable to Coca-Cola Southwest's negligence or wrongful conduct. (*Id.*) Marten must also procure commercial general liability insurance under the Agreement naming Coca-Cola Southwest as an additional insured. (*Id.* at 34 ¶ 16.1, 54 ¶¶ 1, 4.)

---

[1] After Marten filed the pending Motion to Dismiss, Coca-Cola Southwest moved for and was granted leave to amend its original Complaint. The Amended Complaint pleads an additional breach-of-contract claim against Marten and does not address or otherwise moot Marten's argument that Coca-Cola Southwest failed to join an indispensable party. Throughout this Order, the Court cites the Amended Complaint rather than the now-inoperative pleading referenced in the Motion to Dismiss.

[2] The exhibits to Marten's Motion to Dismiss are contained in the same document as the brief itself, so the Court cites the exhibits according to the PDF pagination generated by CM/ECF.

On October 8, 2019, William A. Gero, then a Marten employee, was injured when a forklift operator employed by Coca-Cola Southwest struck him from behind at Coca-Cola Southwest's Texas facility. (Am. Compl. ¶¶ 19, 22.) Gero was allegedly transporting Coca-Cola Southwest products during the accident as provided in the Agreement. (*Id.* ¶ 21.) He filed suit against Coca-Cola Southwest and John Doe (the forklift operator) in Texas state court, and Coca-Cola Southwest tendered its defense to, and sought indemnity from, Marten and its insurer under the Agreement. (*Id.* ¶¶ 19, 28.) At the time, Marten held a commercial general liability policy from ACE American Insurance Company (the "ACE Policy"). (Def.'s Br. in Supp. of Def.'s Mot. to Dismiss, at 2.) According to Marten, the ACE Policy extends coverage to any additional insured with whom Marten has agreed to provide non-contributory insurance by written contract. (*Id.* at 2, 115.) It also contains a Reimbursement of Deductible Endorsement Allocated Loss Adjustment Expense Born Entirely by the Insured (the "ALAE endorsement"), which requires Marten to reimburse ACE for any amounts paid under the ACE Policy up to the deductible. (*Id.* at 5, 119-20.) To date, Marten has declined to defend and indemnify Coca-Cola Southwest in the *Gero* action. (Am. Compl. ¶¶ 30-31.)

As a result, Coca-Cola Southwest filed this action (originally in Georgia state court and then removed to this Court) against Marten for breach of the Agreement. Specifically, the Amended Complaint alleges that Marten is

3

required to defend, indemnify, and hold harmless Coca-Cola Southwest against all damages, claims, and expenses arising from the *Gero* lawsuit. (*Id.* ¶¶ 37-43. The Amended Complaint also asserts that Marten failed to carry all insurance required by the Agreement, including the appropriate commercial general liability and workers' compensation policies. (*Id.* ¶¶ 44-48.) To remedy these alleged breaches of the Agreement, Coca-Cola Southwest seeks damages in the amount of its attorneys' fees and, if applicable, any judgment in the *Gero* action, as well as a declaratory judgment setting forth Marten's obligations under the Agreement. (*Id.* ¶¶ 53, 57.) Marten, however, argues that its insurer ACE is an indispensable party due to the underlying ACE Policy and that the Court should either dismiss Coca-Cola Southwest's claims or order ACE's joinder before the case proceeds any further.

## II. Legal Standard

An action may be dismissed under Federal Rule of Civil Procedure 12(b)(7) when the plaintiff has failed to join an indispensable party under Rule 19. A court faced with a Rule 12(b)(7) motion must engage in a two-step inquiry. The first step is to "ascertain under the standards of Rule 19(a) whether the person in question is one who should be joined if feasible." *Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1280 (11th Cir. 2003). Next, "[i]f the person should be joined but cannot be (because, for example, joinder would divest the court of jurisdiction) then the court must

4

inquire whether, applying the factors enumerated in Rule 19(b), the litigation may continue." *Id.* The movant bears the initial burden of showing that the person who was not joined is needed for a just adjudication. *See American Gen. Life & Accident Ins. Co. v. Wood*, 429 F.3d 83, 92 (4th Cir. 2005). In making this determination, the court's review is not confined to the pleadings but may take into account relevant extra-pleading evidence. *See Citizens Bank Potawatomi Indian Tribe of Okla. v. Collier*, 17 F.3d 1292, 1293 (10th Cir. 1994).

## III.   Discussion

At the outset, the Court takes note of the standard governing required joinder under Rule 19(a)(1). That is, a person must be joined as a party if:

(A)   in that person's absence, the court cannot accord complete relief among existing parties; or

(B)   that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

    (i)   as a practical matter impair or impede the person's ability to protect the interest; or

    (ii)   leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1). Relying (it appears) on Rule 19(a)(1)(B), Marten claims that ACE has a "legally protectable interest" in the subject of this litigation: specifically, whether Coca-Cola Southwest qualifies for coverage under the

ACE Policy. (Def.'s Br. in Supp. of Def.'s Mot. to Dismiss, at 12-13.) A judgment for Coca-Cola Southwest, Marten continues, would compel ACE to defend or indemnify Coca-Cola Southwest in the *Gero* action and would compel Marten to reimburse ACE under the ALAE endorsement. (*Id.*) Unless ACE is made a party to this action, Marten argues that ACE's ability to protect its interest will be impaired and that Marten will risk incurring double obligations to Coca-Cola Southwest and ACE. (*Id.* at 12.) In response, Coca-Cola Southwest accuses Marten of mischaracterizing its breach-of-contract claims as an expansive insurance dispute involving the ACE Policy. (Pl.'s Br. in Opp'n to Def.'s Mot. to Dismiss, at 10-12.) Coca-Cola Southwest insists that this case does not seek coverage under the ACE Policy and would, if successful, impose contractual damages solely on Marten, not ACE. (*Id.*)

To start, Marten has not demonstrated that ACE is a required party under the "complete relief" prong of Rule 19(a)(1)(A). Both the original and Amended Complaints seek damages and declaratory relief against Marten based on its alleged breaches of the Agreement. Marten alone would be liable for any damages awarded under the Agreement, and there is no evidence that its ability to pay those damages depends on ACE's involvement in this case. *See Winn-Dixie Stores, Inc. v. Dolgencorp, LLC*, 746 F.3d 1008, 1039 (11th Cir. 2014) ("The district court could award all of the requested relief without haling the landlords into court because Big Lots was fully able to pay damages and

comply with injunctions.") Nor is ACE's participation a central factor in determining the scope of Marten's obligations under the Agreement, especially since ACE has no purported interest in that contract (as opposed to the ACE Policy). *See Challenge Homes, Inc. v. Greater Naples Care Ctr., Inc.*, 669 F.2d 667, 670 (11th Cir. 1982) (declining to join a non-party because "the only persons with any interest in the lease at issue are Challenge and GNCC, both of whom are before the court"). Accordingly, the Court need not order ACE's joinder to grant complete relief among the current parties.

ACE also does not meet the threshold requirement for joinder under Rule 19(a)(1)(B): that is, it has not "claim[ed]" an interest in the subject of this litigation. Fed. R. Civ. P. 19(a)(1)(B). Marten contends, based on a contrived, self-serving interpretation of the pleadings, that Coca-Cola Southwest is seeking indemnity and defense from ACE under the ACE Policy. To the contrary, the Amended Complaint expressly alleges that Coca-Cola Southwest is *not* covered by the ACE Policy (Am. Compl. ¶¶ 30, 44-46, 48, 59), and instead asserts claims for indemnity and defense against Marten under the Agreement. (Am. Compl. ¶¶ 9-11, 37-43.) The record does not reflect that ACE has ever raised an interest in this case, even though Coca-Cola Southwest provided formal notice of its contract claims to Marten and ACE before filing suit. (*Id.* ¶ 28; Def.'s Br. in Supp. of Def.'s Mot. to Dismiss, at 193.) Unless ACE breaks its silence on the matter, the Court will not presume an interest that

7

Marten alone is attempting to assert on ACE's behalf. *See Hickerson v. Enter. Leasing Co. of Ga., LLC*, 818 F. App'x 880, 884 n.6 (11th Cir. 2020) (requiring a non-party to claim an interest in the subject of the action under Rule 19(a) when complete relief is available); *In re Cnty. of Orange*, 262 F.3d 1014, 1023 (9th Cir. 2001) ("Orange County cannot claim that the [non-party] districts have a legally protected interest in the action unless the districts themselves claim that they have such an interest, and the districts have been silent."); *United States v. San Juan Bay Marina*, 239 F.3d 400, 407 (1st Cir. 2001) ("Since its decision to forgo intervention indicates that the Commonwealth does not deem its own interests substantially threatened by the litigation, the court should not second-guess this determination, at least absent special circumstances."); *Peregrine Myanmar Ltd. v. Segal*, 89 F.3d 41, 49 (2d Cir. 1996) ("Segal's attempt to assert on behalf of the [non-party] Ministry its supposed concern about the dilution of its interest in MAFCO falls outside the language of the rule. It is the absent party that must 'claim an interest.'" (citation omitted)); *Person v. Lyft, Inc.*, 542 F. Supp. 3d 1342, 1354 (N.D. Ga. 2021) ("If a defendant seeks refuge in Rule 19(a)(1)(B), it must allege in its own pleadings that the non-parties claim an interest in the litigation.").

For these reasons, Coca-Cola Southwest has no obligation to join ACE under any prong of Rule 19(a)(1). This ruling does not eliminate all recourse should Marten have legitimate concerns about proceeding without ACE. For

example, Marten claims that it could face "double obligations" in the event of a plaintiff's judgment—on the one hand, paying to defend and indemnify Coca-Cola Southwest in the *Gero* action and, on the other hand, reimbursing ACE for the same costs under the ALAE endorsement. (Def.'s Br. in Supp. of Def.'s Mot. to Dismiss, at 12-13.) As a practical matter, it is unclear (and Marten does not explain) how Coca-Cola Southwest could recover redundant damages against Marten and ACE arising from the *Gero* case. To date, ACE has not paid out a claim to Coca-Cola Southwest under the ACE Policy, and ACE presumably never will if Coca-Cola Southwest is able to recover defense and indemnity costs from Marten. Thus, the Court sees no scenario in which Marten both suffers an adverse judgment in this case *and* has to reimburse ACE for the costs of the judgment. In any event, if Marten believes that the ACE Policy should cover or reduce its potential obligation to Coca-Cola Southwest, then Marten can petition the Court for permission to file a third-party complaint against ACE. Similarly, ACE can move to intervene if it in fact believes that this litigation threatens its interest in the ACE Policy. For now, though, the Court will allow the case to continue with the existing parties.

## IV.   Conclusion

For the foregoing reasons, the Court DENIES the Defendant's Motion to Dismiss or, in the Alternative, to Join ACE American Insurance Company as an Indispensable Party [Doc. 20].

SO ORDERED, this ___26th___ day of July, 2022.

THOMAS W. THRASH, JR.

United States District Judge